IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

Consumer Financial Protection Bureau;
and State of Georgia ex rel. Christopher
M. Carr, Attorney General of the State
of Georgia,

    *Plaintiffs*,

           v.

Burlington Financial Group, LLC;
Richard W. Burnham; Sang Yi; and
Katherine Ray Burnham,

  *Defendants*.

Case No.

## <u>(PROPOSED) STIPULATED FINAL JUDGMENT AND ORDER</u>

The Consumer Financial Protection Bureau (Bureau) and the State of

Georgia *ex rel*. Christopher M. Carr, Attorney General of the State of Georgia

(State of Georgia) (collectively Plaintiffs), commenced this civil action on June 28,

2021, to obtain injunctive and monetary relief and civil penalties from Burlington

Financial Group, LLC (Burlington), Katherine Burnham, Richard Burnham, and

Sang Yi (Defendants). The Complaint alleges violations of (1) the Telemarketing

and Consumer Fraud and Abuse Prevention Act, 15 U.S.C. §§ 6101–6108, and the

Telemarketing Sales Rule (TSR), 16 C.F.R. pt. 310; (2) the Consumer Financial

Protection Act of 2010 (CFPA), 12 U.S.C. §§ 5531(a), 5536(a)(1); and (3) the Fair

Business Practices Act (FBPA), O.C.G.A. §§ 10-1-390 et seq., in connection with

the marketing, sale, and provision of debt-relief and credit-repair services.

Plaintiffs and Defendants consent to entry of this Stipulated Final Judgment

and Order (Order), without adjudication of any issue of fact or law, to settle and

resolve all matters in dispute between these parties arising from the conduct

alleged in the Complaint.

## FINDINGS

1.      This Court has subject-matter jurisdiction over this action because it is

brought under "[f]ederal consumer financial law," 12 U.S.C. § 5565(a)(1), presents

a federal question, 28 U.S.C. § 1331, and is brought by an agency of the United

States, 28 U.S.C. § 1345.

2.      This Court has supplemental jurisdiction over the State of Georgia's

state-law claims because they are so related to the federal claims that they form

part of the same case or controversy. 28 U.S.C. § 1367(a).

3.      This Court has personal jurisdiction over Defendants because they

have done business in this district. 12 U.S.C. § 5564(f).

4.      Venue is proper in this district because Defendants have done

business in this district and consent to jurisdiction in this district. 12 U.S.C.

§ 5564(f); 28 U.S.C. § 1391(b).

5.       Defendants neither admit nor deny the allegations in the Complaint, except as specified in this Order. Defendants admit the facts necessary to establish the Court's jurisdiction over them and the subject matter of this action.

6.       Defendants waive service under Rule 4(d) of the Federal Rules of Civil Procedure and waive all rights to seek judicial review or otherwise challenge or contest the validity of this Order. Defendants also waive any claim they may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action. Each party will bear its own costs and expenses, including, without limitation, attorneys' fees.

7.       Entry of this Order is in the public interest.

## DEFINITIONS

8.       The following definitions apply to this Order:

   a.       **"Affected Consumers"** means any person who paid an advance fee in alleged violation of 16 C.F.R. § 310.4(a)(2) or (a)(5)(i), or who paid fees in excess of 7.5 percent of the amount paid for distribution to creditors in alleged violation of O.C.G.A. § 18-5-2, to Defendants or their officers, agents, servants, employees, attorneys, or any other persons in active

concert or participation with them, from January 1, 2016, until the Effective Date.

b. **"Assisting Others"** means helping, aiding, or providing support to others, including:

    i. consulting or advising in any form whatsoever;

    ii. providing support services;

    iii. formulating or providing, or arranging for the formulation or provision of, any advertising or marketing material, including telephone-sales scripts, solicitations, or the text of any Internet website, email, or other electronic communication or advertisement;

    iv. providing names of, or assisting in the generation of, potential customers;

    v. performing marketing, billing, or payment services of any kind;

    vi. participating in or providing services related to the offering, sale, or servicing of a product or the collection of payments for a product;

    vii. acting or serving as an owner, officer, director, manager,

principal, partner, or limited partner of any entity; and

viii. investing, loaning, or providing money or anything of financial value.

c. **"Consumer Financial Product or Service"** has the same meaning set forth in the Consumer Financial Protection Act of 2010, 12 U.S.C. § 5481(5), including with respect to providing Financial-Advisory Services.

d. **"Credit-Repair Service"** means any program or service represented to remove derogatory information from, or improve, a person's credit history, credit record, or credit rating as described in 16 C.F.R. § 310.4(a)(2).

e. **"Debt-Adjusting Service"** means all services that qualify as "debt adjusting" services as defined under the Georgia Debt Adjustment Act, O.C.G.A. § 18-5-1(1).

f. **"Debt-Relief Service"** means any program or service represented, directly or by implication, to renegotiate, settle, or in any way alter the terms of payment or other terms of the debt between a person and one or more unsecured creditors or debt collectors, including a reduction in the balance, interest rate, or

fees owed by a person as set forth in 16 C.F.R. § 310.2(o).

g.    **"Defendants"** means the Corporate Defendant and the Individual Defendants, individually, collectively, or in any combination.

    i.  **"Corporate Defendant"** means Burlington Financial Group, LLC, its employees, and its successors and assigns.

    ii.  "**Individual Defendants**" means Katherine Burnham, Richard Burnham, and Sang Yi, collectively, or in any combination, and each of them by any other name by which they might be known.

h.    **"Effective Date"** means the date on which this Order is entered by the Court.

i.    **"Enforcement Director"** means the Assistant Director of the Office of Enforcement for the Consumer Financial Protection Bureau or his or her delegate.

j.    **"Financial-Advisory Service"** means services provided to consumers on individual financial matters or relating to proprietary financial products or services, including (1)

providing credit counseling to any consumer, and (2) providing services to assist a consumer with debt management or debt settlement, modifying the terms of any extension of credit, or avoiding foreclosure as set forth in 12 U.S.C. § 5481(15)(A)(viii).

k.    **"Related Consumer Action"** means a private action by or on behalf of one or more consumers or an enforcement action by another governmental agency brought against Defendants based on substantially the same facts as described in the Complaint.

l.    **"Telemarketing"** means a plan, program, or campaign which is conducted to induce the purchase of goods or services or a charitable contribution, by use of one or more telephones and which involves more than one interstate telephone call as set forth in 16 C.F.R. § 310.2(gg).

## <u>ORDER</u>

### CONDUCT PROVISIONS

**I.    Ban on Telemarketing, Financial-Advisory Services, Debt-Relief Services, Debt-Adjusting Services, and Credit-Repair Services**

**IT IS ORDERED** that:

9.    Defendants, whether acting directly or indirectly, are permanently

restrained and enjoined from engaging in or Assisting Others with:

> a. Telemarketing with respect to any Consumer Financial Product or Service;
>
> b. offering, marketing, selling, or providing any Financial-Advisory Service;
>
> c. offering, marketing, selling, or providing any Debt-Relief Service or Debt-Adjusting Service; and
>
> d. offering, marketing, selling, or providing any Credit-Repair Service.

10.     Defendants are further permanently restrained and enjoined from receiving any remuneration or other consideration from, holding any ownership interest in, or working in any capacity for any Person that is engaged in advertising, marketing, promoting, offering for sale, selling, or providing any Financial-Advisory Service, Debt-Relief Service, Debt-Adjusting Service, or Credit-Repair Service, or Telemarketing with respect to any Consumer Financial Product or Service, except to the extent that Person is a company or other entity that is publicly traded on the New York Stock Exchange or on the Nasdaq.

11.     Defendants are further permanently restrained and enjoined (a) from offering, marketing, selling, or providing any services of any sort covered by the

FBPA or the Telemarketing and Consumer Fraud and Abuse Prevention Act, 15 U.S.C. § 6101 *et seq*. and accompanying Telemarketing Sales Rule, 16 C.F.R. § 310.1 *et seq*., in the State of Georgia or to any person who is known or should be known to be a Georgia resident, and (b) from receiving any remuneration or other consideration from, holding any ownership interest in, or working in any capacity for any person that is offering, marketing, selling, or providing any services of any sort covered by the FBPA or the Telemarketing and Consumer Fraud and Abuse Prevention Act, 15 U.S.C. § 6101 *et seq*. and accompanying Telemarketing Sales Rule, 16 C.F.R. § 310.1 *et seq*., in the State of Georgia or to any person who is known or should be known to be a Georgia resident except to the extent that person is a company or other entity that is publicly traded on the New York Stock Exchange or on the Nasdaq. Notwithstanding the above, a Defendant may receive remuneration or other consideration from, hold an ownership interest in, or work for a person that is offering, marketing, selling, or providing any consumer services in the State of Georgia if the Department of Law consents in writing to a written request from the Defendant for permission to do so.

## II.     Prohibitions Regarding Consumer Financial Products or Services

**IT IS FURTHER ORDERED** that:

12.     Defendants and their officers, agents, servants, employees, and

attorneys, and all other persons in active concert or participation with them who have actual notice of this Order, whether acting directly or indirectly, in connection with offering, marketing, selling, or providing any Consumer Financial Product or Service are permanently enjoined and restrained from misrepresenting any material aspect of the product or service, whether express or implied, including but not limited to:

      a. the benefits that a consumer will receive from the product or service; and

      b. the total costs or any other material term, restriction, limitation or condition of the product or service.

### III.   Prohibitions on Use of Customer Information

**IT IS FURTHER ORDERED** that:

13.   Defendants and their officers, agents, servants, employees, and attorneys, and all persons who are in active concert or participation with them, who have actual notice of this Order, whether acting directly or indirectly, may not:

      a.   disclose, use, or benefit from customer information, including names, addresses, telephone numbers, email addresses, social security numbers, other identifying information, or any data that enables access to a customer's account (including a credit card,

bank account, or other financial account), that Defendants obtained

through Burlington before the Effective Date; or

b.  attempt to collect, sell, assign, or otherwise transfer any right to

collect payment from any consumer who entered into a contract

with Burlington related to Debt-Relief, Debt-Adjusting, or Credit-

Repair Services.

However, customer information may be disclosed if requested by a

government agency or required by law, regulation, or court order.

## MONETARY PROVISIONS

### IV.   Order to Pay Redress

**IT IS FURTHER ORDERED** that:

14.    A judgment for equitable monetary relief is entered in favor of the

Plaintiffs and against Defendants, jointly and severally, in the amount of

$30,457,853 for the purpose of providing redress to Affected Consumers; however,

full payment of this judgment will be suspended upon satisfaction of the

obligations in Paragraph 15 of this Section, Paragraphs 19 and 20 of Section V,

Paragraph 24 of Section VI, and subject to Section VII of this Order.

15.    With regard to any redress ordered under this Section, if Defendants

receive, directly or indirectly, any reimbursement or indemnification from any

source, including but not limited to payment made under any insurance policy, or if he, she, or it secures a tax deduction or tax credit with regard to any federal, state, or local tax, Defendants must: (a) immediately notify the Enforcement Director in writing, and (b) within 10 days of receiving the funds or monetary benefit, must transfer to the Bureau the full amount of such funds or monetary benefit (Additional Payment) to the Bureau or to the Bureau's agent according to the Bureau's wiring instructions. After the Bureau receives the Additional Payment, the amount of the judgment referenced in Paragraph 14 of this Section will be reduced by the amount of the Additional Payment and the Additional Payment will be applied toward satisfaction of the monetary judgment entered in Paragraph 14.

16.     Any funds received by the Bureau in satisfaction of this judgment will be deposited into a fund or funds administered by the Bureau or to the Bureau's agent according to applicable statutes and regulations to be used for redress for injured consumers, including refund of moneys, restitution, damages, or other monetary relief, and for any attendant expenses for the administration of any such redress.

17.     If the Bureau determines, in its sole discretion, that redress to consumers is wholly or partially impracticable or if funds remain after redress is completed, the Bureau will deposit any remaining funds in the U.S. Treasury as

disgorgement. Defendant will have no right to challenge any actions that the Bureau or its representatives may take under this Section.

18.     Payment of redress to any Affected Consumer under this Order may not be conditioned on that Affected Consumer waiving any right.

## V.     Order to Pay Civil Money Penalties to the Bureau

**IT IS FURTHER ORDERED** that:

19.     Under § 1055(c) of the CFPA, 12 U.S.C. § 5565(c), by reason of the violations of law alleged in the Complaint and taking into account the factors in 12 U.S.C. § 5565(c)(3), a judgment for a civil money penalty is entered in favor of the Bureau and against Defendants in the amount of $150,001, apportioned as follows:

a. Defendant Burlington Financial Group, LLC, must pay $15,000;

b. Defendant Katherine Burnham must pay $45,000;

c. Defendant Richard Burnham must pay $1; and

d. Defendant Sang Yi must pay $90,000.

Under 12 U.S.C. § 5565(c)(4), the amount Burlington must pay will be remitted by $15,000 if Burlington pays that amount as a civil penalty to the State of Georgia in accordance with Paragraph 24 of this Order and within 10 days of the Effective Date.

20.     Within 10 days of the Effective Date, each Defendant must pay the

civil money penalty by wire transfer to the Bureau or to the Bureau's agent in compliance with the Bureau's wiring instructions.

21.    The civil money penalty paid to the Bureau under this Order will be deposited in the Civil Penalty Fund of the Bureau as required by § 1017(d) of the CFPA, 12 U.S.C. § 5497(d).

22.    Defendants must treat the civil money penalty paid under this Order as a penalty paid to the government for all purposes. Regardless of how the Bureau ultimately uses those funds, no Defendant may:

      a. claim, assert, or apply for a tax deduction, tax credit, or any other tax benefit for any civil money penalty paid under this Order; or

      b. seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made under any insurance policy, with regard to any civil money penalty paid under this Order.

23.    Defendants agree that the civil penalty imposed by the Order represents a civil penalty owed to the United States Government, the civil penalty is not compensation for actual pecuniary loss, and thus, it is not subject to discharge under the Bankruptcy Code, 11 U.S.C. § 523(a)(7).

## VI.    Order to Pay Civil Penalties to the State of Georgia

**IT IS FURTHER ORDERED** that:

24.    Defendants, jointly and severally, must pay the State of Georgia a civil penalty of $8,100,000; however, payment of this civil penalty will be suspended upon the payment of $15,000 to the State of Georgia and the satisfaction of the obligations in Paragraphs 19 and 20 of Section V and subject to Section VII of this Order.

## VII.    Effect of Misrepresentation or Omission Regarding Financial Condition

**IT IS FURTHER ORDERED** that:

25.    The suspension of the monetary judgments as to each Defendant entered in Sections IV and VI of this Order is expressly premised on the truthfulness, accuracy, and completeness of that Defendant's financial statements and supporting documents submitted to the Plaintiffs, which the submitting Defendant asserts are truthful, accurate, and complete, including:

a. the Financial Disclosure Form of Burlington Financial Group, LLC, including the attachments, dated January 3 and 4, 2021;

b. the Financial Disclosure Form of Katherine Burnham, including the attachments, dated January 7, 2021, and the affidavit dated April 30, 2021;

c. the Financial Disclosure Form of Richard Burnham, including the attachments, dated November 20, 2020; and

d. the Financial Disclosure Form of Sang Yi, including the attachments, dated January 7, 2021, and the affidavit dated April 30, 2021.

26.    If, upon motion by the Bureau or the State of Georgia, the Court determines that any Defendant failed to disclose any material asset or that any of the financial statements contains any material misrepresentation or omission, including materially misstating the value of any asset, as to that Defendant the Court shall terminate the suspension of the monetary judgments entered in Sections IV and VI of this Order and, without further adjudication, shall reinstate the judgments as entered in those Sections and the full judgment for redress of $30,457,853 as well as the full judgment for civil penalty of $8,100,000 to the State of Georgia shall be immediately due and payable, less any amounts paid to the Bureau under Section IV or V of this Order.

27.    If the Court terminates the suspension of the monetary judgment under this Section, Plaintiffs will be entitled to interest on the judgment, computed from the date of entry of this Order, at the rate prescribed by 28 U.S.C. § 1961, as amended, on any outstanding amounts not paid.

28.     If the Court terminates the suspension of the monetary judgment

under this Section, in all other respects, this Order shall remain in full force and

effect unless otherwise ordered by the Court, and proceedings instituted under this

provision would be in addition to, and not in lieu of, any other civil or criminal

remedies as may be provided by law, including any other proceedings that either

Plaintiff may initiate to enforce this Order.

## VIII.    Additional Monetary Provisions

**IT IS FURTHER ORDERED** that:

29.     In the event of any default on Defendants' obligations to make

payments under this Order, interest, computed under 28 U.S.C. § 1961, as

amended, will accrue on any outstanding amounts not paid from the date of default

to the date of payment and will immediately become due and payable.

30.     Defendants relinquish all dominion, control, and title to the funds paid

under this Order to the fullest extent permitted by law, and no part of the funds

may be returned to any Defendant.

31.     The facts alleged in the Complaint will be taken as true and be given

collateral estoppel effect, without further proof, in any proceeding based on the

entry of the Order, or in any subsequent civil litigation by or on behalf of the

Bureau or the State of Georgia to enforce this Order or the Bureau's or the State of

Georgia's rights to any payment or monetary judgment under this Order, such as a non-dischargability complaint in any bankruptcy case.

32.    The facts alleged in the Complaint establish all elements necessary to sustain an action by the Bureau or the State of Georgia under § 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and for such purposes this Order will have collateral estoppel effect against each Defendant in the event that any Defendant files a bankruptcy case, even in such Defendant's capacity as debtor-in-possession.

33.    Under 31 U.S.C. § 7701, Defendants, unless they already have done so, must furnish to the Bureau and the Georgia Department of Law taxpayer-identification numbers, which may be used for purposes of collecting and reporting on any delinquent amount arising out of this Order.

34.    Within 30 days of the entry of a final judgment, order, or settlement in a Related Consumer Action, Defendants must notify the Bureau and the Georgia Department of Law in writing of the final judgment, order, or settlement. That notification must indicate the amount of redress, if any, that Defendants paid or are required to pay to consumers and describe the consumers or classes of consumers to whom that redress has been or will be paid. To preserve the deterrent effect of the civil money penalty in any Related Consumer Action, no Defendant may argue

that the Defendant is entitled to, nor may any Defendant benefit by, any offset or reduction of any monetary remedies imposed in the Related Consumer Action because of the civil money penalty paid in this action or because of any payment that the Bureau makes from the Civil Penalty Fund. If the court in any Related Consumer Action offsets or otherwise reduces the amount of compensatory monetary remedies imposed against any Defendant based on the civil money penalty paid in this action or based on any payment that the Bureau makes from the Civil Penalty Fund, the Defendant must, within 30 days after entry of a final order granting such offset or reduction, notify the Bureau and pay the amount of the offset or reduction to the U.S. Treasury. Such a payment will not be considered an additional civil money penalty and will not change the amount of the civil money penalty imposed in this action.

35.     Upon written request of a representative of the Bureau or the Georgia Department of Law, any consumer reporting agency must furnish to the Bureau or the Georgia Department of Law consumer reports concerning Defendants under § 604(a)(1) of the Fair Credit Reporting Act, 15 U.S.C.§ 168l b(a)(1), which may be used for purposes of collecting and reporting on any delinquent amount arising out of this Order.

**COMPLIANCE PROVISIONS**

**IX.    Reporting Requirements**

**IT IS FURTHER ORDERED** that:

36.    Each Defendant must notify the Bureau and the Georgia Department of Law of any development that may affect such Defendant's compliance obligations arising under this Order, including the emergence of a successor company to the Corporate Defendant; the creation or dissolution of a company that engages in any act or practice subject to this Order; the filing of any bankruptcy or insolvency proceeding by or against the Defendant; or a change in the Defendant's name or address. Defendants must provide this notice at least 30 days before the development or as soon as practicable after learning about the development, whichever is sooner.

37.    Within 7 days of the Effective Date, each Defendant must:

    a.    designate at least one telephone number and email, physical, and postal address as points of contact, which the Bureau and the Georgia Department of Law may use to communicate with Defendant;

    b.    identify all businesses for which Defendant is the majority owner, or that Defendant directly or indirectly controls, by all of their

names, telephone numbers, and physical, postal, email, and

Internet addresses; and Defendant must describe the activities of

each such business, including the products and services offered,

and the means of advertising, marketing, and sales;

c.   identify Defendant's telephone numbers and all email, Internet,

physical, and postal addresses, including all residences; and

d.   describe in detail Defendant's involvement in any business for

which they perform services in any capacity or which they wholly

or partially own, including Defendant's title, role, responsibilities,

participation, authority, control, and ownership.

38.     Defendants must report any change in the information required to be

submitted under Paragraph 37 at least 30 days before the change or as soon as

practicable after learning about the change, whichever is sooner.

39.     Within 90 days of the Effective Date, and again one year after the

Effective Date, each Defendant must submit to the Bureau and the Georgia

Department of Law an accurate written compliance progress report sworn to under

penalty of perjury (Compliance Report), which, at a minimum:

a.   lists each applicable paragraph and subparagraph of this Order

and describes in detail the manner and form in which Defendant

21

has complied with each such paragraph and subparagraph of this

Order; and

b.   attaches a copy of each Order Acknowledgment obtained under

Section X (if applicable), unless previously submitted to the

Bureau.

### X.   Order Distribution and Acknowledgment

**IT IS FURTHER ORDERED** that:

40.     Within 7 days of the Effective Date, each Defendant must submit to the Enforcement Director and the Georgia Department of Law an acknowledgment of receipt of this Order, sworn under penalty of perjury.

41.     Within 30 days of the Effective Date, the Corporate Defendant and each Individual Defendant, for any business for which the Defendant is the majority owner or which the Defendant directly or indirectly controls, must deliver a copy of this Order to each of its board members and officers, as well as to any managers, employees, service providers, or other agents and representatives who have responsibilities related to the subject matter of the Order.

42.     For 5 years from the Effective Date, Defendants (including any business of which a Defendant is the majority owner or which a Defendant directly or indirectly controls) must deliver a copy of this Order to any business entity

resulting from any change in structure referred to in Section IX, any future owners,

board members, and officers, as well as any employees, service providers, or other

agents and representatives who will have responsibilities related to the subject

matter of the Order before they assume their responsibilities.

43.    Defendants must secure a signed and dated statement acknowledging

receipt of a copy of this Order, ensuring that any electronic signatures comply with

the requirements of the E-Sign Act, 15 U.S.C. § 7001 *et seq*., within 30 days of

delivery, from all persons receiving a copy of this Order under this Section.

44.    Within 90 days of the Effective Date, Defendants must provide the

Bureau and the Georgia Department of Law with a list of all persons and their titles

to whom this Order was delivered through that date under Paragraphs 41 and 42 (if

applicable) and a copy of all signed and dated statements acknowledging the

receipt of this Order under Paragraph 43 (if applicable).

## XI.    Recordkeeping

**IT IS FURTHER ORDERED** that:

45.    Each Defendant (including any business of which a Defendant is the

majority owner or which a Defendant directly or indirectly controls) must create all

documents and business records necessary to demonstrate such Defendant's full

compliance with each provision of the Order, including all submissions to the

Bureau or the Georgia Department of Law. Each Defendant must retain these documents for at least 5 years after creation and make them available to the Bureau or the Georgia Department of Law upon request.

46.    Each Defendant (including any business of which a Defendant is the majority owner or which a Defendant directly or indirectly controls) must retain for 5 years from the Effective Date, the following business records:

    a.    all documents and records necessary to demonstrate such Defendant's full compliance with each provision of this Order, including all submissions to the Bureau or the Georgia Department of Law;

    b.    copies of all sales scripts; training materials; advertisements; websites; and other marketing materials relating to the subject of this Order, including any such materials used by a third party on a Defendant's behalf;

    c.    for each individual Affected Consumer: the consumer's name; address; phone number; email address; amount of the lump sum the consumer received; amount of any fees or additional costs the consumer incurred; the amount of any payments the consumer

made; a copy of any promotional or welcome materials provided; and a copy of any contracts the consumer signed;

d.   for all contracts related to Affected Consumers, accounting records showing the gross and net revenues generated; and

e.   all complaints and refund requests (whether received directly or indirectly, such as through a third party) by Affected Consumers, and any responses to those complaints or requests.

47.    Defendants must make the documents identified in Paragraph 46 available to the Bureau upon request or the Georgia Department of Law.

## XII.    Notices

**IT IS FURTHER ORDERED** that:

48.    Unless otherwise directed in writing by the Bureau, Defendants must provide all submissions, requests, communications, or other documents relating to this Order in writing, with the subject line "*CFPB v. Burlington Financial Group, et al.,* Case No._____" and send them by overnight courier or first-class mail to

the below addresses and contemporaneously by email to

Enforcement_Compliance@cfpb.gov:

> Assistant Director for Enforcement
> Consumer Financial Protection Bureau
> ATTENTION: Office of Enforcement
> 1700 G Street, N.W.
> Washington D.C. 20552

49.     In addition, unless otherwise directed in writing by the Georgia

Department of Law, Defendants must provide all submissions, requests,

communications, or other documents relating to this Order in writing, with the

subject line "State of Georgia v. Burlington Financial Group LLC, CIL 452102", to

the State of Georgia by overnight courier or first-class mail to the below address:

> Georgia Department of Law
> Consumer Protection Division
> 2 Martin Luther King, Jr. Drive, SE
> Suite 356
> Atlanta, Georgia 30334

## XIII.   Cooperation with the Bureau and the State of Georgia

**IT IS FURTHER ORDERED** that:

50.     Defendants must cooperate fully to help the Bureau and the Georgia

Department of Law determine the identity and location of, as well as the amount of

alleged injury sustained by, each Affected Consumer. Defendants must provide

such information in any agent's possession or control within 14 days of receiving a written request from the Bureau.

51.     Defendants must cooperate fully with the Bureau and the Georgia Department of Law in this matter and in any investigation or lawsuit related to or associated with the conduct alleged in the Complaint. Without the service of compulsory process, Defendants must provide truthful and complete information, evidence, and testimony. Defendants must appear and cause Defendants' agents, representatives, or employees to appear for interviews, discovery, hearings, trials, and any other proceedings associated with the conduct alleged in the Complaint that the Bureau or the Georgia Department of Law may reasonably request upon 14 days written notice, or other reasonable notice, at such places and times as the Bureau or the Georgia Department of Law may designate, without the service of compulsory process.

### XIV.    Compliance Monitoring

**IT IS FURTHER ORDERED** that:

52.     Within 14 days of receipt of a written request from the Bureau or the Georgia Department of Law, the Defendant receiving the request must submit additional requested Compliance Reports or other requested information relating to the Defendant's compliance with this Order, which must be sworn under penalty of

perjury; provide sworn testimony; or produce documents.

53.     For purposes of this Section, the Bureau or the Georgia Department of Law may communicate directly with any Defendant, unless the Defendant retains counsel related to these communications.

54.     Defendants must permit the Bureau's or the State of Georgia's representatives to interview any agent, representative, employee or other person affiliated with Defendants who has agreed to such an interview regarding: (a) this matter; (b) anything related to or associated with the conduct alleged in the Complaint; or (c) compliance with this Order. The person interviewed may have counsel present.

55.     Nothing in this Order will limit the Bureau's lawful use of compulsory process, under 12 C.F.R. § 1080.6, or the Georgia Department of Law's lawful use of compulsory process under O.C.G.A. § 10-1-403.

## XV.     Retention of Jurisdiction and Enforcement of Judgment

**IT IS FURTHER ORDERED** that:

56.     The Court will retain jurisdiction of this matter for the purpose of enforcing this Order.

57.     Defendants consent to the enforcement of this Order in United States District Court for the Northern District of Georgia.

## XVI.    Service

**IT IS FURTHER ORDERED** that:

58.    This Order may be served upon Defendants by electronic mail, certified mail, or United Parcel Service, either by the United States Marshal, the Clerk of the Court, or any representative or agent of the Bureau.

**IT IS SO ORDERED:**


_____

UNITED STATES DISTRICT JUDGE


DATED: _____